[Crim. No. 1228. First Appellate District, Division Two.—February 21, 1925.]

## THE PEOPLE, Respondent, v. W. G. STEVENS, Appellant.

[1] CRIMINAL LAW — PASSING FICTITIOUS CHECK — PREVIOUS CONVICTION—READING OF INFORMATION—NONVIOLATION OF SUBDIVISION 1, SECTION 1093, PENAL CODE.—Subdivision 1 of section 1093 of the Penal Code, which provides that where the defendant has confessed the previous conviction the clerk, in reading the information to the jury, "shall omit therefrom all that relates to such previous conviction," was not violated where the district attorney, after reading the portion of the information which pertained to the offense for which the defendant was then and there being tried, namely, the offense of passing a fictitious check with intent to defraud, continued reading as follows: "and the said District Attorney doth furthermore charge that prior to the commission of the offense," and was then interrupted by the court and proceeded no further.

---

(1) 16 C. J., p. 806, n. 17.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis J. Hardie for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment of conviction of a felony, to wit, the pass-

ing of a fictitious check with intent to defraud. The defendant pleaded "not guilty," but confessed to a previous conviction for a similar offense, which previous conviction was also charged in the information.

Subdivision 1 of section 1093 of the Penal Code provides that where the defendant has confessed the previous conviction the clerk, in reading the information to the jury, "shall omit therefrom all that relates to such previous conviction."

[1] The only point made upon appeal is that there was a violation of the aforementioned provision of section 1093 of the Penal Code. The point is entirely without merit, for the record discloses that the district attorney, after reading the portion of the information which pertains to the offense for which the defendant was then and there being tried, continued reading as follows: "and the said District Attorney doth furthermore charge that prior to the commission of the offense . . . " He was then interrupted by the court and proceeded no further. Appellant contends that the judgment against this defendant should be reversed because of the reading of this incomplete sentence, which made no reference at all to the previous conviction charged in the information. The mere statement of the objection demonstrates its triviality. The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 20, 1925.